IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SMITH & NEPHEW, INC., and JOHN O. )
HAYHURST, M.D., )
          )
    Plaintiffs, )  Case No. 05-611-KI
          )
 vs. )  OPINION AND ORDER
          )
BIOMET, INC., and ARTHROTEK, INC., )
          )
    Defendants. )

  Brenna K. Legaard
  Chernoff, Vilhauer, McClung & Stenzel, LLP
  1600 ODS Tower
  601 S. W. Second Avenue
  Portland, Oregon 97204-3157

    Attorney for Plaintiffs

  Robert C. Weaver, Jr.
  Laura Caldera Taylor
  Garvey Schubert Barer
  Eleventh Floor
  121 S. W. Morrison Street
  Portland, Oregon 97204-3141

Richard D. Harris
Herbert H. Finn
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 2500
Chicago, Illinois  60601

    Attorneys for Defendants

KING, Judge:

On November 21, 2005, this court granted the motion for preliminary injunction filed by plaintiffs Smith & Nephew and John O. Hayhurst, M.D. (collectively, "Smith & Nephew"). Before me is Smith & Nephew's Motion for Clarification of this Court's Opinion and Order Entered on November 22, 2005 (#100).

Smith & Nephew specifically requests that the court clarify its Opinion and Order to comply with Federal Rule of Civil Procedure 65(c). That rule provides, in relevant part:

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

In its opposition to Smith & Nephew's motion for a preliminary injunction, Biomet did not ask that a bond or other form of security be imposed upon Smith & Nephew in the event that the court granted Smith & Nephew's motion. In addition, Biomet provided no evidence from which this court could determine a bond amount. In its response to Smith & Nephew's motion for clarification, Biomet states that it provided "voluminous evidence" indicating that it would be "significantly damaged," but failed to provide any citations to the record. Defendants' Response to Plaintiffs' Motion for Clarification of this Court's Opinion and Order Entered on November

22, 2005, at 3.  In my independent investigation of the record, I did not find evidence submitted by Biomet as to the damages Biomet will suffer as a result of the imposition of an injunction, other than general statements that it will suffer injury.

The court has broad discretion in setting the amount of the bond, and may set a bond amount of zero.  Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 321 F.3d 878, 882 (9th Cir. 2003) (citations omitted).  I clarify the November 21, 2005 Opinion and Order as follows:  pursuant to Federal Rule of Civil Procedure 65(c), Smith & Nephew is not required to post a bond or other security because Biomet did not request a bond and because Biomet failed to introduce evidence supporting the need for a bond.

Plaintiffs' Motion for Clarification of this Court's Opinion and Order Entered on November 22, 2005 (#100) is granted.

IT IS SO ORDERED.

Dated this    11th    day of January, 2006.

/s/ Garr M. King
Garr M. King
United States District Judge