**Robert C. Weaver, Jr. OSB #80135**
E-Mail: rweaver@gsblaw.com
**Laura Caldera Taylor, OSB #99378**
E-Mail: ltaylor@gsblaw.com
**Garvey Schubert Barer**
Eleventh Floor
121 S.W. Morrison Street
Portland, Oregon 97204-3141
Telephone: (503) 228-3939
Fax: (503) 226-0259

**Richard D. Harris, Illinois State Bar #1137913**
(Admitted *Pro Hac Vice*)
E-Mail: harrisr@gtlaw.com
**Herbert H. Finn, Illinois State Bar #6205685**
(Admitted *Pro Hac Vice*)
E-Mail: finnh@gtlaw.com
**Greenberg Traurig, LLP**
77 West Wacker Drive
Suite 2500
Chicago, Illinois 60601
Telephone: (312) 456-8400
Fax: (312) 456-8435

Attorneys for **Defendants Biomet, Inc.** and **Arthrotek, Inc.**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**SMITH & NEPHEW, INC.** and **JOHN O. HAYHURST, M.D.**,

Plaintiffs,

v.

**BIOMET, INC.** and **ARTHROTEK, INC.**,

Defendants.

Case No. 3:05-CV-611-KI

**BIOMET, INC.'S AND ARTHROTEK, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO SMITH & NEPHEW, INC.'S AND JOHN O. HAYHURST'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendants, BIOMET, INC. and ARTHROTEK, INC. (collectively "Defendants"), by its attorneys, herein answer Plaintiffs Smith & Nephew, Inc.'s and John O. Hayhurst's First Amended Complaint for Patent Infringement as follows:

1. Plaintiff Smith & Nephew, Inc. ("Smith & Nephew") is a corporation organized

and existing under the laws of the State of Delaware and having a principal place of business at 1450 Brooks Road, Memphis, Tennessee, and having a further place of business at 150 Minuteman Road, Andover, Massachusetts.

**Response to Paragraph No. 1:**

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in ¶1 and accordingly deny same.

2. Plaintiff John O. Hayhurst, M.D. ("Hayhurst") is an individual residing at 7805 Southwest Edgewater East, Wilsonville, Oregon, within this judicial District.

**Response to Paragraph No. 2:**

Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in ¶2 and accordingly deny same.

3. Defendant Biomet, Inc. ("Biomet") is, upon information and belief, a corporation organized and existing under the laws of the State of Indiana, having its principal place of business at 56 East Bell Drive, Warsaw, Indiana, and residing within this judicial District pursuant to 28 U.S.C. § 1391 (c).

**Response to Paragraph No. 3:**

Defendants admit the allegations of ¶3.

4. Defendant Arthrotek, Inc. ("Arthrotek") is, upon information and belief, a corporation organized and existing under the laws of the State of Indiana, having its principal place of business at 56 East Bell Drive, Warsaw, Indiana, and residing within this judicial District pursuant to 28 U.S.C. § 1391 (c). Upon information and belief, Defendant Arthrotek is a wholly-owned subsidiary of Defendant Biomet.

**Response to Paragraph No. 4:**

Defendants admit the allegations of ¶4.

5. This action arises under the patent laws of the United States, Title 35 U.S.C. § 1 et seq.

**Response to Paragraph No. 5:**

Defendants admit that Plaintiffs have filed a complaint for Patent Infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. Defendants deny any and all remaining allegations of ¶5.

6. Plaintiff Hayhurst is the owner, and Plaintiff Smith & Nephew is his exclusive licensee, of United States Letters Patent No. 5,417,691 ("the '691 patent") entitled APPARATUS AND METHOD FOR MANIPULATING AND ANCHORING TISSUE, which was duly and legally issued by the United States Patent and Trademark Office to John O. Hayhurst, M.D. on May 23, 1995, a copy of which is attached as Exhibit A.

**Response to Paragraph No. 6:**

Defendants admit that U.S. Patent No. 5,417,691 ("the '691 patent") entitled Apparatus and Method for Manipulating and Anchoring Tissue issued on May 23, 1995 to John O. Hayhurst and was attached to the First Amended Complaint. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of ¶6 and accordingly deny same.

7. Defendants Biomet and Arthrotek have infringed at least claims 13, 15, 18, 23, and 24 of the '691 patent, directly, and/or contributorily, and/or by inducing others to infringe, upon information and belief, in this judicial District and elsewhere, and will continue to do so unless enjoined therefrom by this Court.

**Response to Paragraph No. 7:**

Defendants deny the allegations contained in ¶7.

8. Upon information and belief, Defendants Biomet and Arthrotek developed their infringing "Sure Fire" product by copying Smith & Nephew's FasT-Fix® Mensical [sic] Repair System.

**Response to Paragraph No. 8:**

Defendants deny the allegations contained in ¶8.

9. Plaintiffs Smith & Nephew and Hayhurst are suffering serious and immediate

irreparable harm, and have been irreparably harmed to an extent not yet determined by Defendants Biomet's and Arthrotek's infringement, and will continue to be irreparably harmed in the future unless enjoined therefrom by this Court.

**Response to Paragraph No. 9:**

Defendants deny the allegations contained in ¶9.

10. Upon information and belief, Defendants' infringement of the '691 patent has been willful, based upon at least the following considerations:

(a) As has been admitted by Defendants in their response to Smith & Nephew's Request for Admission No. 1, the Defendants were aware of Smith & Nephew's FasT-Fix product, which is covered by the '691 patent, before beginning to develop their infringing Sure Fire product.

(b) Upon information and belief, the Defendants copied Smith & Nephew's FasT-Fix product in order to develop their Sure Fire product.

(c) The Defendants were aware of the '691 patent at least as early as May 5, 2005.

(d) Upon information and belief, the Defendants never formed a good faith belief that their continued manufacture and sale of the Sure Fire product would not infringe at least claims 13, 15, 18, and 24 of the '691 patent.

(e) Upon information and belief, the Defendants never formed a good faith belief as to at least claims 13, 23, and 24 of the '691 patent that such claims were invalid or unenforceable.

(f) Despite the foregoing, the Defendants continued to infringe the '691 patent through their manufacture and sale of their infringing Sure Fire product at least until such infringement was enjoined by this Court's Opinion and Order entered on November 22, 2005.

(g) Accordingly, the Defendants' infringement of the '691 patent has been willful.

**Response to Paragraph No. 10:**

Defendants deny the allegations contained in ¶10.

WHEREAS, Plaintiffs Smith & Nephew and Hayhurst pray as follows:

1. That this Court preliminarily and permanently enjoin Defendants Biomet and Arthrotek, their officers, agents, employees, representatives, successors and assigns, and any others acting in concert with them, from infringing U.S. Patent No. 5,417,691;

2. That this Court award Plaintiffs Smith & Nephew and Hayhurst damages resulting from Defendants Biomet's and Arthrotek's infringement, and award up to treble damages for Biomet's and Arthrotek's willful infringement;

3. That this Court declare this to be an exceptional case within the meaning of 35 U.S.C. § 285;

4. That this Court award Plaintiffs Smith & Nephew and Hayhurst their costs in this action, together with reasonable attorney's fees and pre-judgment and post judgment interest; and relief as is just and proper.

**Response to Plaintiffs' Request for Relief:**

Defendants deny that Plaintiffs are entitled to any relief whatsoever, let alone the relief requested in Plaintiffs' Prayer.

## AFFIRMATIVE DEFENSES

Defendants raise the following Affirmative Defenses to the allegations contained in Plaintiffs' First Amended Complaint:

### First Affirmative Defense

Defendants have not infringed, either directly or by contribution or inducement, any valid, enforceable claims of U.S. Patent No. 5,417,691 ("the '691 patent").

////

////

**Second Affirmative Defense**

The ‘691 patent is invalid under the judicially created doctrine of obviousness type double patenting over claim 7 of U.S. Patent No. 4,741,330 (“the ‘330 patent”).

**Third Affirmative Defense**

The ‘691 patent is unenforceable due to inequitable conduct. Actions taken by the named inventors or the inventors’ legal representatives that give rise to inequitable conduct include making misleading or incorrect statements to the Examiner during the prosecution of the application. In particular, the inventor’s legal representative knowingly expanded the scope of the claims of the ‘691 patent to include subject matter already claimed in the ‘330 patent. Despite such knowledge, proper patent office procedure was not followed and no terminal disclaimer was offered and/or entered by the inventor.

**Fourth Affirmative Defense**

Plaintiffs come to this case with unclean hands and accordingly are not entitled to any relief whatsoever.

**Fifth Affirmative Defense**

Plaintiffs have failed to comply with the notice provision and marking requirements of 35 U.S.C. § 287.

Defendants reserve the right to state additional affirmative defenses upon the close of discovery.

////

////

////

////

////

////

////

////

**Defendants' Prayer For Relief**

Defendants request that this Court dismiss Plaintiffs' First Amended Complaint with prejudice or enter a judgment of no cause of action and award Defendants their respective costs, including the reasonable attorney fees, and such other and further relief as this court may deem just and proper.

DATED: January 24, 2006

GARVEY SCHUBERT BARER
Robert C. Weaver, Jr., OSB #80135
Laura Caldera Taylor, OSB #99378
Eleventh Floor
121 S.W. Morrison Street
Portland, Oregon 97204-3141
Telephone: (503) 228-3939
Fax: (503) 226-0259

GREENBERG TRAURIG, LLP

/s/ Herbert H. Finn
Richard D. Harris, Illinois State Bar #1137913
(Admitted *Pro Hac Vice*)
Herbert H. Finn, Illinois State Bar #6205685
(Admitted *Pro Hac Vice*)
77 West Wacker Drive
Suite 2500
Chicago, Illinois 60601
Telephone: (312) 456-8400
Fax: (312) 456-8435

Attorneys for Defendants Biomet, Inc. and Arthrotek, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2006, I served the foregoing **BIOMET, INC.'S AND ARTHROTEK, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO SMITH & NEPHEW, INC.'S AND JOHN O. HAYHURST'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** upon the following attorney(s) pursuant to L.R. 100.13:

Brenna K. Legaard, Esq.
Susan D. Pitchford, Esq.
Chernoff, Vilhauer, McClung & Stenzel, LLP
1600 ODS Tower
601 SW Second Avenue
Portland, OR 97204-3157

brenna@chernofflaw.com
sdp@chernofflaw.com

Ruffin B. Cordell, Esq.
Neal Goldberg, Esq.
Fish & Richardson P.C.
1425 K Street, N.W.
Washington, D.C. 20005

cordell@fr.com
goldberg@fr.com

Mark Hebert, Esq.
Nicole E. Gage, Esq.
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

hebert@fr.com
gage@fr.com

Attorneys for Plaintiffs

/s/ Laura Caldera Taylor
Robert C. Weaver, Jr., OSB #80135
Laura Caldera Taylor, OSB #99378

Attorneys for Defendants Biomet, Inc. and Arthrotek, Inc.

PDX_DOCS:367882.1 [35880-00100]